FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/16/2021 5:00 PM
JAMIE SMITH
DISTRICT CLERK
B-208163

CAUSE NO. _____

| | | |
|---|---|---|
| HELAL HAMDAN, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| AND AS NEXT FRIEND OF MH AND | § | |
| LH, MINORS | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| MELANE TRANSPORT, INC. AND | § | |
| CABRERA ORDONEZ YOBANYS | § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW, **HELAL HAMDAN, INDIVIDUALLY AND AS NEXT FRIEND OF MH AND LH, MINORS**, hereinafter referred to as Plaintiff, complaining of and about **MELANE TRANSPORT, INC. and CABRERA ORDONEZ YOBANYS**, hereinafter referred to as Defendants, and in support hereof would show unto the Court as follows:

**1.00    PARTIES**

1.01    Plaintiff, **HELAL HAMDAN, INDIVIDUALLY AND AS NEXT FRIEND OF MH AND LH, MINORS** was at all material times a resident citizen of Jefferson County, Texas.

1.02    Defendant, **MELANE TRANSPORT, INC**, is a foreign corporation doing business in the State of Florida; said Defendant has not registered with the Texas Secretary of State and has not designated a registered agent for services of process in Texas.  Said Defendant may be served with process, citation and this petition by serving its agent for service of process as a nonresident doing business in this State and committing tortious conduct within this State causing Plaintiff's injuries and damages:  **Ms. Ruth Hughes, Secretary of the State of Texas** at **James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701** as in accordance with Rule 106 of the Texas Rules of Civil Procedure. The Texas Secretary of State is directed to serve and did serve Defendant, Melane Transport, Inc. by serving its Registered Agent in accordance with

§17.043 of the Texas Civil Practices & Remedies Code:

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
October 06, 2021
Plaintiff's Original Petition
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith    Page 1 of 9



Registered Agent: Cabrera Ordonez Yobanys
2200 Springdale Blvd. Apt. L217
Palm Springs, Florida 33461

1.03    Defendant, **CABRERA ORDONEZ YOBANYS**, is an individual non-resident Defendant residing in Florida who may be served with process by certified mail this petition, citation and process to **Mr. J. Bruce Bugg, Jr., Chairman Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701-2483** in accordance with Rule 106 of the Texas Rules of Civil Procedure. Mr. Bugg is directed to and did serve the nonresident motorist in accordance with 17.061 of the Texas Civil Practice & Remedies Code by serving the nonresident Defendant, **CABRERA ORDONEZ YOBANYS** at his usual and customary address:

2200 Springdale Blvd. Apt. L217
Palm Springs, Florida 33461

## 2.00    JURISDICTION AND VENUE

2.01    Damages in this personal injury case, exclusive of interest and costs, exceed the minimum jurisdictional limits of this court.

2.02    Venue is proper in Jefferson County based on § 15.002 the Texas Civil Practice & Remedies Code as it is the county where all or a substantial part of the events or omissions giving rise to the claim occurred. More specifically, the wreck occurred in Jefferson County, Texas.

2.03    Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.1, Plaintiff intends to conduct discovery in this case under Level III as proscribed by TEXAS RULE OF CIVIL PROCEDURE 190.4. At this time, the full extent of Plaintiff's injuries is not known. Plaintiff presently seek monetary relief in accordance with TRCP paragraph (c) (5) of R. 47; however, Plaintiff reserve the right to amend this petition, including this provision.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
October 06, 2021
Plaintiff's Original Petition
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith   Page 2 of 9

3.00   **STATEMENT OF FACTS**

3.01   This suit is necessary to collect a legal debt and damages due and owing your Plaintiffs, **HELAL HAMDAN, INDIVIDUALLY AND AS NEXT FRIEND OF MH AND LH, MINORS**, arising from an automobile wreck that occurred on US 96 in Beaumont, Jefferson County, Texas or about July 2, 2020.  At the outset, your Plaintiff has requested the preservation of the vehicle and records and documents which may lead to the discovery of admissible evidence.

3.02   This wreck was caused by the negligence and/or gross negligence of the Defendants which proximately caused the collision and Plaintiff's injuries and damages referenced hereinabove.

3.03   On the occasion in question, Plaintiffs, **HELAL HAMDAN, INDIVIDUALLY AND AS NEXT FRIEND OF MH AND LH, MINORS**, were injured when the automobile they occupied was struck by the automobile owned, leased, rented, borrowed, driven, operated and/or controlled by one or more of the Defendants. The collision was caused as a result of negligence and/or gross negligence of the Defendant, **CABRERA ORDONEZ YOBANYS**. At the time of the collision Defendant, **CABRERA ORDONEZ YOBANYS** who was an employee or agent, actual or apparent, acting on behalf of Defendant, **MELANE TRANSPORT, INC.** The automobile Defendant, **CABRERA ORDONEZ YOBANYS** was operating, was owned, operated and/or controlled by Defendant, **MELANE TRANSPORT, INC**, and/or its agents, servants and/or employees.

3.04   Defendant failed to maintain a single lane of travel when Defendants' vehicle collided into the Plaintiff.

3.05   In addition to its own negligence, Defendant, **MELANE TRANSPORT, INC.**, is vicariously liable under various statutory and/or common law principles, including the doctrine of respondeat superior for the acts and/or omissions of Defendant, **CABRERA ORDONEZ**

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
October 06, 2021
Plaintiff's Original Petition
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith   Page 3 of 9

**YOBANYS**, and the negligence and gross negligence of other persons, agents, representatives and/or employees, including but not limited to **CABRERA ORDONEZ YOBANYS**. The Federal Motor Carrier Safety Act ("FMSCA") authorizes regulation of all commercial motor vehicles engaged in interstate commerce as well as the federal motor carriers (i.e., "employers"), drivers and employees promulgated in the Federal Motor Carrier Safety Regulations ("FMSCR"). The State of Texas has adopted the FMCSR. 37 Tex.Admin.Code 4.11(a). **MELANE TRANSPORT, INC**. is the federal motor carrier and statutory "employer" of "drivers" of **CABRERA ORDONEZ YOBANYS** within the meaning of the FMSCR and TMSCR. See respective definitions in 49 CFR §390.5. "The rules in subchapter B of this chapter are applicable to all employers, employees, and commercial motor vehicles that transport property or passengers in interstate commerce. 49 CFR 390.3(a). The delivery truck was a commercial vehicle. Because the Defendant, **MELANE TRANSPORT, INC.**, branded the truck operated by **CABRERA ORDONEZ YOBANYS** which had a weight in excess of 10,000 pounds, the truck was at all material times a "commercial motor vehicle" and properly displayed the DOT Number or "operating authority." 49 CFR §§390.5 and 201. Defendant, **MELANE TRANSPORT, INC.**, ratified the conduct of **CABRERA ORDONEZ YOBANYS** and all of its other agents, employees, representatives and vice-principals.

     3.05    As a proximate result of the negligence of the Defendants, Plaintiffs suffered injuries referenced hereinabove.

**4.00   <u>CLAIMS FOR RELIEF</u>**

     4.01    All factual allegations set forth hereinabove and below are adopted into this count as though set forth herein word for word.

     4.02    In particular, it is believed that on the occasion in question, the Defendants failed to exercise the degree of care that a reasonable and prudent person would have in at least the

I CERTIFY THIS IS A TRUE COPY
Witness my hand and Seal of Office

October 06, 2021
Plaintiff's Original Petition
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Janis Smith   Page 4 of 9

4.021   In failing to drive in a single lane;

4.022   In failing to keep a proper lookout;

4.023   In failing to maintain and/or adequately maintain the vehicle;

4.024   In failing to train and/or adequately train;

4.025   In failing to warn and/or adequately warn;

4.026   In negligently exercising their retained right of control;

4.027   In negligently hiring, qualifying and/or requalifying;

4.028   In colliding into Plaintiff;

4.029   In failing to timely apply brakes;

4.030   Such other and further acts and omissions constituting negligence as the term is understood in law, as may be shown at the trial of this case.

4.03    In addition to common law negligence, your insured also violated certain provisions of the Texas Transportation Code and Texas Driver's Handbook published by the Texas Department of Public Safety constituting negligence per se.

4.04    The above acts, omissions, and mental attitude were singularly and/or severally a proximate cause of the injuries and damages sustained by your Plaintiff.

## 5.00   **DAMAGES**

5.01    As a producing and proximate result of the Defendants' tortious acts, the Plaintiffs sustained severe and disabling injuries to their bodies generally, including cervical spine, lumbar spine and body generally resulting in a number of medical symptoms and/or adverse reactions reducing the quality of life.  Due to the nature and severity of the injuries, Plaintiffs have been required to seek medical treatment.  Plaintiffs have been required to pay and incur liability to pay the charges which have been made for such medical services.  In the future, it is reasonably probable that Plaintiffs will probably require additional medical care, treatment and procedures and will be required to pay and incur liability to pay the charges which will be made for

I CERTIFY THIS IS A TRUE COPY
October 06, 2021
Witness my Hand and Seal of Office
Plaintiff's Original Petition
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Janie Smith   Page 5 of 9

such services.  The charges which have been made and which will be made for such services rendered to the Plaintiff have represented and will represent the usual, reasonable and customary charges for like and similar services in the vicinity where they have been and will be rendered.  All of such services, both past and future, have been and will be necessary in connection with the proper treatment of the injuries suffered by the Plaintiff as a result of the occurrence made the basis of this suit.

5.02     All of the above damages suffered by the Plaintiff is the proximate or producing results of the acts and/or omissions of the Defendants complained of in this Petition and are in excess of the jurisdictional limits of this Court.

5.03     Your Plaintiff has sustained compensatory damages as a producing and/or proximate cause in at least the following particulars, which are expected and in all reasonable probability will continue into the future:

5.031   Reasonable and necessary costs of medical care and treatment including doctors, hospitals, nurses, medicine, and other services and supplies in the past and future;

5.032   Physical pain and suffering;

5.033   Mental anguish, not only with regard to the immediate incident as it unfolded, but also with regard to the devastating impact the incident and injures have had on her life, and that they will probably have on the remainder of her life, including the anxiety of diminished life enjoyment and freedom of movement, and the fear and anxiety associated with the various therapies, medical procedures, and treatment that will probably be necessary to properly treat the Plaintiff; and

5.034   Physical impairment.

5.035   Lost wages; and

5.036   Loss of earning capacity.

5.04     Defendants' conduct gives rise to exemplary damages in an amount allowable by the applicable laws and statutes.

I CERTIFY THIS IS A TRUE COPY
Witness my hand and Seal of Office
October 06, 2021
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Janie Smith

Plaintiff was suffering from any pre-existing disease or condition which

Plaintiff's Original Petition                                                     Page 6 of 9

could be said to have contributed to the injuries and damages herein alleged, they were not disabling until aggravated, excited and otherwise caused a flare-up as a natural consequence of the incident made the basis of this litigation.

## 6.00   RIGHT TO AMEND

6.01   Plaintiff hereby expressly reserves the right to amend her pleadings to conform to the evidence.

## 7.00   PRAYER

7.01   WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants be cited to appear and answer herein and that on a final trial hereof, Plaintiff have judgment against the Defendants for an amount in excess of the minimum jurisdictional limits of this Court as compensation for your Plaintiff's damages, to be determined by the trier of fact, including:

7.011   Actual damages as pleaded;

7.012   Reasonable and necessary costs of medical care and treatment including doctors, hospitals, nurses, medicine, and other services and supplies in the past and future;

7.013   Physical pain and suffering, past and future;

7.014   Mental anguish, not only with regard to the immediate incident as it unfolded, but also with regard to the devastating impact the incident and injures have had on the Plaintiff's life, and that she will probably have on the remainder of the Plaintiff's life, including the loss of enjoyment of life, the anxiety of diminished life enjoyment and freedom of movement, the personal inconvenience, humiliation and embarrassment, and the fear and anxiety associated with the various therapies, medical procedures, and treatment that will in all reasonable probability be necessary to properly treat the Plaintiff in the future;

7.015   Physical impairment, past and future;

7.016   Property damages, storage fees, towing fees and loss of use;

7.017   Lost wages and/or loss of earning capacity;

7.018   Pre-judgment and post-judgment interest in the highest amounts allowed by law;



I CERTIFY THIS IS A TRUE COPY
Witness my hand and Seal of Office damages;

Plaintiff October 06, 2021

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Janie Smith   Page 7 of 9

7.020   Costs of Court; and

7.021   Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

## 8.00   REQUEST FOR JURY TRIAL

8.01   It is requested, pursuant to Rule 216 of the Texas Rules of Civil Procedure, that this matter be tried before a jury.  An appropriate jury fee has been submitted.

## 9.00   REQUEST FOR DISCLOSURE AND USE OF DOCUMENTS

9.01   Plaintiff hereby requests that Defendants timely and fully comply with Rule 194(a)-(l) and make all supplements as soon as reasonably practicable.  Further, Plaintiff hereby place Defendants on notice that any documents marked as exhibits to depositions and/or produced by Defendants herein will be used in pre-trial and/or trial proceedings.

## 10.00   REQUEST FOR WITHHOLDING STATEMENT

10.01   To the extent any Defendant withholds requested documents on the basis of assertion of privilege, demand is made for compliance with TRCP 193.3 and the production of an adequate withholding statement.

## 11.00   DESIGNATION OF LEAD COUNSEL

11.01   Pursuant to Rule 8, of the Texas Rules of Civil Procedure, Gilbert T. Adams, III, of Gilbert Adams Law Offices, is designated as the attorney in charge for the Plaintiff in all matters relating to these claims.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

October 06, 2021

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 8 of 9

Respectfully submitted,

GILBERT ADAMS LAW OFFICES
1855 Calder Avenue at Third
P.O. Drawer 3688
Beaumont, Texas 77704
Phone (409) 835-3000
Fax (409) 832-6162
Email Gilbert@gta-law.com

_____
**GILBERT T. ADAMS, III**
State Bar No. 00790201

**ATTORNEY FOR PLAINTIFFS**

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
Plaintiff October 06, 2021
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith   Page 9 of 9

DISTRICT CLERK OF JEFFERSON COUNTY, TEXAS



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

**October 06, 2021**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Certified Document Number: 2351651 Total Pages: 9

In accordance with Texas Government Code 51.301 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal  please e-mail districtclerk@co.jefferson.tx.us